1  ERWIN ADLER (State Bar No. 40638)
   eadler@adlerlawgroup.com
2  **ADLER LAW GROUP**
   350 S. Figueroa Street, Suite 557
3  Los Angeles, CA 90071
   Telephone: (213) 893-3900
4  Facsimile: (213) 893-3910

5  Attorneys for Plaintiff and Counterdefendant
   RAYMOND CALUORI
6

7
   J. DONALD BEST (State Bar No. 146984)
8  jdbest@michaelbest.com
   **MICHAEL BEST & FRIEDRICH LLP**
9  One South Pinckney Street, Suite 700
   Madison, WI 53703
10 Telephone: (608) 257-3501
   Facsimile: (608) 283-2275
11
   RICHARD H. MARSCHALL (*pro hac vice*)
12 rhmarschall@michaelbest.com
   **MICHAEL BEST & FRIEDRICH LLP**
13 100 East Wisconsin Avenue, Suite 3300
   Milwaukee, WI 53202
14 Telephone:  (414) 271-6560
   Facsimile:   (414) 277-0656
15
   (Counsel continues on next page)
16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  RAYMOND CALUORI, | Case No.: CV07-2035 CAS (VBKx) |
| 21           Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 22       v. | Honorable Christina A. Snyder |
| 23  ONE WORLD TECHNOLOGIES, INC., | |
| 24           Defendant. | |
| 25  AND RELATED COUNTERCLAIM | |

1  JAMES D. SLOAN (State Bar No. 220176)
   jdsloanlaw@gmail.com
2  **LAW OFFICES OF JAMES D. SLOAN**
   1163 South La Jolla Avenue
3  Los Angeles, CA 90035
   Telephone: (323) 964-9830
4
   Attorneys for Defendant and Counterclaimant
5  ONE WORLD TECHNOLOGIES, INC.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

Upon stipulation of counsel for Plaintiff Raymond Caluori ("Caluori") and Defendant One World Technologies, Inc. ("OWT") (collectively referred to as "Parties"), it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1. Any Party or non-party producing material or information in this litigation ("Producing Party") may designate such material or information as "Confidential" or "Attorneys' Eyes Only"[1] in which case such material or information shall be treated in accordance with the terms of this Protective Order.

2. The term "Confidential" may be applied only to material or information not known to the general public that is produced in this litigation by a Producing Party to any other Party ("Receiving Party"), that the Producing Party in good faith considers to constitute or contain trade secrets or other confidential research and development, know-how, proprietary data, financial results, other non-publicly available information, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or that the Producing Party is under an obligation to a third party to maintain as confidential. The Producing Party shall designate material or information as Confidential in the manner described in Paragraphs 3, 4, 11, 13, or 14 of this Protective Order.

3. The term "Attorneys' Eyes Only" may be applied only to such highly confidential materials or information that consist of or contain particularly sensitive technical information relating to research, marketing, manufacture, and production of products; technical, business and research information regarding products; highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations; and any pending or

---

[1] A "Highly Confidential" designation may be used interchangeably with and shall have the same meaning as an "Attorneys' Eyes Only" designation.

1  abandoned patent applications, foreign or domestic; as well as such other
2  documents, information or materials that relate to other proprietary information
3  within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) that the
4  Producing Party reasonably believes is of such nature and character that disclosure
5  of such information would be harmful to the Producing Party or may cause the
6  Producing Party to violate the federal securities laws or the rules and regulations of
7  the New York Stock Exchange.

8      4.    Any document or portion thereof, including any transcript, exhibit,
9  answer to interrogatory, information revealed during depositions upon oral or
10 written examination, other discovery request or response, affidavit, declaration,
11 brief, memorandum, or any other paper and any physical object, recording, or thing
12 that a Producing Party believes to contain Confidential or Attorneys' Eyes Only
13 information shall be so designated by stamping or otherwise applying on each page
14 containing Confidential or Attorneys' Eyes Only information with the designation
15 "Confidential" or "Attorneys' Eyes Only," in which case such designated document
16 and the information contained therein shall be treated in accordance with the terms
17 of this Protective Order.  Nothing in this Protective Order constitutes an admission
18 of a Party that any information designated as "Confidential" or "Attorneys' Eyes
19 Only" by a Producing Party does in fact constitute a trade secret or proprietary
20 information or constitutes an agreement or admission with respect to the
21 competency, relevance, or materiality of any such information.

22     5.    All Confidential or Attorneys' Eyes Only information not reduced to
23 documentary, tangible, or physical form or which cannot be conveniently
24 designated pursuant to Paragraph 4 shall be designated by the Producing Party by
25 informing all Receiving Parties in writing.

26     6.    "Qualified Person," as used herein, is limited to the following
27 categories of persons:
28

a. Outside attorneys and in-house counsel working on this action, and any paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting, or clerical personnel working under direct supervision of such counsel;

b. Subject to the conditions set forth in paragraphs 10 and 11, any independent technical or financial expert, independent consultant, or independent testing personnel and their employees serving any attorneys identified in Paragraph 6(a) for the purposes of this case, who shall first have executed the Undertaking annexed hereto as Exhibit A;

c. Any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving such attorneys identified in Paragraph 6(a) for the purposes of this case;

d. Any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition or inspection of premises;

e. The Court and its personnel;

f. Any person indicated on the face of a document as having written or received such document during the course of his or her employment or consultancy; and, at trial or deposition, any current or former employee of the Producing Party ("Witness"), provided that the Producing Party's document was written or received prior to or during the Witness's period of employment;

g. Non-technical jury or trial consulting services retained by outside counsel, who shall first have executed the Undertaking annexed hereto as Exhibit A; and

h. Any management persons, employees, or party representatives (and such management persons', employees', and/or party representatives' support and clerical staff) reasonably necessary to provide litigation assistance and review of Confidential materials, who shall first have executed the Undertaking annexed hereto as Exhibit A.

7. No other person shall become a Qualified Person without prior leave of Court or prior written consent of the Producing Party. Documents, testimony or information designated by a Producing Party as "Confidential information" may be disclosed and copies may be provided by the Receiving Party only to Qualified Persons as specified in paragraph 6(a) through (h), shall be retained by them in strictest confidence, shall only be used for the purpose of preparation for and trial of this action (including appeals), and shall not be disclosed to any person not

4

1  specified in paragraph 6 without the prior written consent of the Producing Party or
2  of the Court.  All Confidential information obtained by a Qualified Person shall be
3  carefully maintained so as to preclude access by anyone who is not a Qualified
4  Person.
5         8.     Documents, testimony or information designated by a Producing Party
6  as "Attorneys' Eyes Only" may be disclosed and copies may be provided by the
7  Receiving Party only to Qualified Persons as specified in paragraph 6(a) through
8  (g), shall be retained by them in strictest confidence, shall only be used for the
9  purpose of preparation for and trial of this action (including appeals), and shall not
10 be disclosed to any person not specified in paragraph 6(a) through (g) without the
11 prior written consent of the Producing Party or of the Court.  Documents,
12 testimony, or information designated by a Producing Party as "Attorneys' Eyes
13 Only" may not be disclosed by the Receiving Party to the category of persons
14 specified in paragraph 6(h), above.  All Attorneys' Eyes Only information obtained
15 by a Qualified Person under paragraph 6(a) through (g) shall be carefully
16 maintained so as to preclude access by anyone who is not a Qualified Person under
17 paragraph 6(a) through (g).
18        9.     Confidential or Attorneys' Eyes Only information may not be used in,
19 or to form the basis for, any proceeding or litigation unrelated to the claims in suit.
20 Confidential or Attorneys' Eyes Only information may be disclosed in response to a
21 lawful subpoena issued in connection with grand jury proceedings, other criminal
22 proceedings, or in civil proceedings, but only if notice and a copy of the subpoena
23 are provided to the Producing Party by e-mail, facsimile transmission, or overnight
24 mail at least twenty (20) business days in advance of such anticipated disclosure.
25 Should the person seeking access to Confidential or Attorneys' Eyes Only
26 information take action against the Receiving Party or anyone else covered by this
27 Protective Order to enforce such a subpoena, demand or other legal process, the
28 Receiving Party shall respond, at a minimum, by setting forth the existence of this

1  Protective Order.  Nothing herein shall be construed as requiring the Receiving
2  Party or anyone else covered by this Protective Order to challenge or appeal any
3  order requiring production of Confidential or Attorneys' Eyes Only information
4  covered by this Protective Order, or to subject itself to any penalties for
5  noncompliance with any legal process or order, or to seek any relief from this
6  Court.

7       10.   All Qualified Persons, other than those designated in paragraphs 6(a),
8  (c), (d), (e), and (f) shall be given a copy of this Protective Order prior to being
9  shown any Confidential or Attorneys' Eyes Only information.  Each such person,
10 prior to having access to said Confidential or Attorneys' Eyes Only information,
11 shall execute the Undertaking annexed hereto as Exhibit A and thereby agree not to
12 disclose any Confidential or Attorneys' Eyes Only information to anyone who is
13 not a Qualified Person, shall agree not to make use of any such Confidential or
14 Attorneys' Eyes Only information other than for the purposes of this litigation, and
15 shall agree to be subject to the jurisdiction of the United States District Court for
16 the Central District of California with respect to any issue arising out of this
17 Protective Order.

18       11.   Before Confidential or Attorneys' Eyes Only information is disclosed
19 to a proposed Qualified Person identified in Paragraphs 6(b), (g), and (h) the Party
20 seeking to disclose that information shall notify all Producing Parties in writing of
21 the identity of the proposed Qualified Person and provide the proposed Qualified
22 Person's executed Undertaking and curriculum vitae by e-mail, mail or facsimile.
23 No Confidential or Attorneys' Eyes Only information may be shown to the
24 proposed Qualified Person so identified for five (5) business days following receipt
25 by all Producing Parties of such notice.  If a Producing Party objects to disclosure
26 of Confidential or Attorneys' Eyes Only information to that proposed Qualified
27 Person within that five (5) business day period, for reasonable cause set forth in
28 writing, the parties shall thereafter attempt in good faith to resolve the objection.

Should the parties be unable to resolve the objection, the objecting party shall file a motion for an Order that access to Confidential or Attorneys' Eyes Only information be denied to such proposed Qualified Person. Failure to file a motion within five (5) business days after such Producing Party's receipt of the notification of the objection shall be deemed approval, and such proposed Qualified Person shall thereafter be qualified to have access to the Confidential or Attorneys' Eyes Only information pursuant to the terms and conditions of this Protective Order. The proposing party shall not disclose any Confidential or Attorneys' Eyes Only information to proposed Qualified Persons during the period for objection nor during the pendency of any motion filed in accordance with this paragraph. No Party shall use its right to object to a proposed Qualified Person to interfere with the ability of the other Party to reasonably prepare for trial, and consent to the disclosure of information to proposed Qualified Persons shall not unreasonably be withheld.

12. In the event that counsel for a Party deems it necessary to disclose any Confidential or Attorneys' Eyes Only information of a Producing Party to any person not specified as a Qualified Person, said counsel shall notify counsel for the Producing Party in writing of (a) the information or documents to be disclosed, (b) the person(s) to whom such disclosure is to be made, and (c) the reason(s) for such disclosure, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party wishing to make such disclosure shall file an appropriate motion with the Court. In the event of such motion, the Court shall rule as to whether such disclosure may be made at all and, if so, whether any restriction or limitation shall be placed on such disclosure.

13. Should any Confidential or Attorneys' Eyes Only information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of any such Confidential or Attorneys' Eyes Only

information; (b) promptly inform such person of all provisions of this Protective Order; (c) identify such person immediately in writing to the Party or third party that designated the Confidential or Attorneys' Eyes Only information; and (d) request such person to sign an Undertaking in the form attached hereto as Exhibit A.  The executed Undertaking shall promptly be served upon counsel of record for the Party or upon the third party that designated the Confidential or Attorneys' Eyes Only information.  Execution of an Undertaking under such circumstances shall in no way serve to convert the person signing such Undertaking into a Qualified Person.

14.   Counsel for a Producing Party may redact specific material which the Producing Party believes, in good faith, is subject to the attorney-client privilege, work product immunity, or other legally cognizable privilege or immunity.  The deletion of all material redacted shall be clearly indicated by visibly marking the document where material has been deleted with the word "REDACTED" or with a solid black line.

15.   All documents of any nature that are filed with the Court for any purpose and that contain Confidential or Attorneys' Eyes Only information shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that identify each document and thing contained therein and that bear a statement substantially in the following form:

> FILED UNDER SEAL
> CONTAINS CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY INFORMATION
> SUBJECT TO A PROTECTIVE ORDER
> This envelope contains confidential information and is not to be opened, nor the contents thereof displayed or revealed, except by order of the Court.

16.   All deposition testimony automatically shall be treated as Attorneys' Eyes Only for a period of thirty (30) calendar days from the receipt of the transcript thereof.  After thirty (30) calendar days, the information revealed during the deposition shall cease to be treated as Attorneys' Eyes Only unless orally, on the

1  record at the deposition, or in writing before the thirty (30) days have expired, the
2  witness or the witness' employer or counsel informs the deposing party that
3  Confidential or Attorneys' Eyes Only information of the witness or the witness'
4  employer is set forth in the transcript and identifies the portions of the transcript
5  that disclose such information.  In the case of non-party witnesses, any Party or
6  non-party witness may designate information revealed as Confidential or Attorneys'
7  Eyes Only information within thirty (30) calendar days of receipt of the deposition
8  transcript by counsel.  Upon receipt of such notice that all or a portion of the
9  deposition testimony is Confidential or Attorneys' Eyes Only information, each
10 party shall mark all copies of the transcript of the deposition within its possession,
11 custody or control by placing the appropriate designation upon the cover of the
12 transcript; however, failure to so mark transcript copies shall not be an actionable
13 violation of this Protective Order.  Thereafter, deposition testimony designated as
14 Confidential or Attorneys' Eyes Only information on the record or in writing shall
15 continue to be treated as Confidential or Attorneys' Eyes Only information in
16 accordance with the terms of this Protective Order.

17         17.    If Confidential or Attorneys' Eyes Only information is to be the
18 subject of examination in deposition of a non-party witness who is not a Qualified
19 Person, the following procedures shall apply.  Confidential or Attorneys' Eyes Only
20 information shall not be provided to any such person without the Producing Party's
21 prior written consent or oral consent during a deposition on the record, or without
22 permission by the Court upon motion and notice.

23         18.    Nothing herein shall be construed (a) as preventing any Party from
24 using or continuing to use any information that, at the time of the disclosure, is
25 publicly known through no unauthorized act of such Party, or (b) as preventing a
26 Party from using or continuing to use any information known or used by it if such
27 information was lawfully obtained by the Party other than through discovery of the
28 Producing Party.  Should a dispute arise as to any specific information or material,

the burden shall be upon the Party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

19. Nothing herein shall prevent any Party from contending, during the progress of this litigation, that any or all material or information designated Confidential or Attorneys' Eyes Only is not, in fact, confidential.  Grounds for such a contention may include that such designated Confidential or Attorneys' Eyes Only information is or was publicly known at or prior to disclosure thereof in this litigation, that such designated Confidential or Attorneys' Eyes Only information, after disclosure thereof, has become public knowledge as a result of lawful publication by an independent source who obtained the information lawfully, that such designated Confidential or Attorneys' Eyes Only information was previously known by the Receiving Party, or that such designated Confidential or Attorneys' Eyes Only information was later obtained in good faith by the Receiving Party from an independent source who obtained the information lawfully.  Any Party may request any Producing Party that designated information as Confidential or Attorneys' Eyes Only information to remove that designation.  Such a request shall be in writing, stating the grounds therefor, and shall be served on counsel for the Producing Party who designated the information as Confidential or Attorneys' Eyes Only information.  The requested change shall occur unless, within ten (10) business days after service of such notice, an objection for good cause is served on the Party requesting removal of the Confidential or Attorneys' Eyes Only information designation.  That objection may thereafter be resolved by agreement or by the Court.  The Producing Party shall have the burden of establishing the need for maintaining the Confidential or Attorneys' Eyes Only designation.

20. Nothing in this Protective Order shall require a Party to challenge the propriety of any Confidential or Attorneys' Eyes Only designation at the time such

1  designation is made, and failure to do so shall not preclude a subsequent challenge
2  thereto.

3       21.   Notwithstanding the parties' designation of Confidential or Attorneys'
4  Eyes Only documents, testimony or information, any Court hearing that refers to or
5  describes Confidential or Attorneys' Eyes Only documents, testimony or
6  information may be held in open court with records unsealed, provided the
7  Producing Party is afforded reasonable notice of the Receiving Party's intent to
8  disclose such documents, testimony or information in open court, so that the
9  confidentiality of such documents, testimony or information can be protected.
10 However, any party may request or the Court may order that the portion of such
11 proceeding where use thereof is to be made be held *in camera* with access thereto
12 limited to Qualified Persons under this Protective Order.  To the extent that the
13 Court grants any such request, such Confidential or Attorneys' Eyes Only
14 information shall continue to be treated in accordance with the terms of this
15 Protective Order.

16      22.   (a)   The inadvertent or unintentional failure by a Producing Party to
17 designate specific documents or information as containing Confidential or
18 Attorneys' Eyes Only information shall not be deemed a waiver in whole or in part
19 of the Producing Party's claim of confidentiality as to such documents or
20 information.  Upon notice of such failure to designate, all Receiving Parties shall
21 cooperate to restore the confidentiality of the inadvertently disclosed documents or
22 information, without prejudice.

23            (b)   If a Producing Party, through inadvertence, produces any
24 document or information that it believes is immune from discovery pursuant to any
25 attorney-client privilege, attorney work product immunity or any other privilege or
26 immunity from production, such production shall not be deemed a waiver, and the
27 Producing Party may give written notice to all Receiving Parties that the document
28 or information so produced is deemed privileged and that return of the document or

11

1 information is requested.  Upon receipt of such written notice, all Receiving Parties
2 shall immediately undertake to gather the original and all copies of the document or
3 information and shall immediately return the original and all such copies to the
4 Producing Party or certify in writing the destruction thereof.

5       23. When a Party produces files and records for inspection, no marking
6 need be made in advance of the inspection.  For purposes of the initial inspection,
7 all documents in any produced files shall be considered marked as Attorneys' Eyes
8 Only.  Thereafter, upon selection of specified documents for copying and by the
9 inspecting party, the Producing Party shall mark the copies of such documents with
10 the appropriate confidentiality marking at the time that the copies are produced to
11 the Receiving Party.

12       24. Making documents or other information available for inspection shall
13 not, by itself, constitute a waiver by the Producing Party of any claim of
14 confidentiality, but delivery of documents and things to a Receiving Party without
15 designating such as Confidential or Attorneys' Eyes Only information shall
16 constitute waiver of any claim of confidentiality, except where such delivery
17 resulted from inadvertence or mistake on the part of the Producing Party and such
18 inadvertence or mistake is thereafter brought to the attention of the Receiving Party
19 promptly after discovery by the Producing Party.  Upon such notice, the Receiving
20 Party shall, at the election of the Producing Party, re-mark the documents and
21 things with the appropriate level of confidentiality or return said documents and
22 things and not retain copies thereof for replacement by appropriately marked
23 documents and things.  Any summaries or notes of the inadvertently produced
24 documents or things shall be treated as Confidential or Attorneys' Eyes Only
25 information, as designated by the Producing Party.

26       25. The terms of this Protective Order shall be applicable to any third
27 party that produces information that is designated by such third party or by a party
28 hereto as Confidential or Attorneys' Eyes Only information.

1  26. On final determination of this litigation, including appeals, each Party and other person subject to the terms hereof shall, within sixty (60) calendar days, assemble and destroy or return to the Producing Party all materials, documents and things constituting Confidential or Attorneys' Eyes Only information, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing Confidential or Attorneys' Eyes Only information.  If destroyed, such party or person shall certify to the Producing Party, within sixty (60) calendar days, the destruction of all such materials.  Outside counsel for each Party may retain archive copies of pleadings, motion papers, written discovery responses, in addition to one set of documents produced by any Party or non-party and correspondence that include Confidential or Attorneys' Eyes Only information.

  27. This Protective Order shall survive the termination of this litigation.

  28. Nothing in this Protective Order shall prevent any Party from applying to the Court for additional protection, for example, for particularly highly sensitive materials or information, such as technical, planning, manufacturing, marketing, and research and development materials and information relating to product development, that the Producing Party believes require such protection.

  29. Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other Party of the first Party's obligation to make proper response to discovery requests.

  30. Nothing in this Protective Order shall be construed as a waiver by any Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

  31. It is not the intent of the Parties, nor of the Court, that an attorney or law firm that acquires knowledge of, or is given access to, Confidential or Attorneys' Eyes Only information pursuant to this Protective Order should thereby

13

1  be disqualified from other representations adverse to the Producing Party solely
2  because of such knowledge or access.
3     32.   Any Party may, on motion for good cause shown, seek a modification
4  of this Protective Order.  No modification of this Protective Order that adversely
5  affects the protection of any document produced or given by a non-party in this
6  case shall be made without giving to that non-party appropriate notice and
7  opportunity to be heard by the Court.
8     33.   This Protective Order supersedes all prior protective orders in this
9  case.  All documents already produced by the Parties shall be treated as Attorneys'
10 Eyes Only.

12 DATED:__May 18, 2010_____

_____/s/_____
Honorable Victor B. Kenton
United States Magistrate Judge

14

STIPULATED AND AGREED TO BY ALL PARTIES:

DATED: April ____, 2010        **ADLER LAW GROUP**

By: _____
        Erwin Adler

Attorneys for Plaintiff and Counterdefendant
RAYMOND CALUORI.

DATED: April 21, 2010        **MICHAEL BEST & FRIEDRICH LLP**

By:  /s/ Richard H. Marschall
       J. Donald Best
       Richard H. Marschall

**LAW OFFICES OF JAMES D. SLOAN**
       James D. Sloan

Attorneys for Defendant and Counterclaimant
ONE WORLD TECHNOLOGIES, INC.