UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | Richard Marschall |

**Proceedings:** **DEFENDANT'S MOTION FOR CLARIFICATION** (filed 10/12/11)

## I. INTRODUCTION & BACKGROUND

The background and facts of this case are known to the parties and are set forth in the Court's order dated September 16, 2011.

On October 12, 2011, defendant One World Technologies ("defendant" or "OWT") filed the instant motion for clarification of the Court's order denying OWT's motion for summary judgment.[1] Plaintiff Raymond Calouri ("plaintiff" or "Calouri") opposed the motion on October 24, 2011. OWT replied on October 31, 2011. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 60(b)

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6)

---

[1] Although OWT's titles its motion a "motion for clarification," OWT seeks reconsideration of the Court's summary judgment order. The Court treats OWT's motion as such.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

    **C.    Local Rule 7-18**

    Local Rule 7-18 sets forth the bases upon which this Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

**III.    DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

Defendant requests the Court clarify its order denying for summary judgment as to the following four issues: (1) whether plaintiff's expert Dr. Carman admitted in his deposition that the shape of OWT's product is not "essentially a cylinder," and if so, whether such an admission precludes a finding of infringement; (2) whether plaintiff relied on a combination of multiple structures as a basis for claiming literal infringement, and if so, whether OWT is entitled to a judgment of noninfringement; (3) whether the December 2000 contemporaneous drawings of OWT's 2000 prototype were before the Patent Office during the prosecution of plaintiff's patent; and (4) whether plaintiff's experts' opinions on the differences between the accused device and the prior art were the reason for the denial of OWT's motion for summary judgment of invalidity, and if so, whether the Court considered plaintiff's experts' "admissions" that the claims are broad enough to cover structure in OWT's prototype device.  Mot. at 1.

A.   **Partially Hollow Cylinder**

Claim 1 of plaintiff's patent requires that the device's structural housing is "essentially a partially hollow cylinder." '727 patent at col. 5, 11. 24–29.  In the Markman order, the Court construed the term "partially hollow cylinder" to have its plain meaning.  Dkt. No. 116 at 10.  In the summary judgment order, the Court held that "when given its ordinary meaning, the modifier 'essentially' would allow a rational jury to determine that defendant's accused device includes a 'partially hollow cylinder.'" Dkt. 156 at 15:13–15.  Moreover, the Court found that plaintiff's expert, Dr. Carman, "has not conceded that his deposition testimony was meant to cover a device that was 'essentially' a cylinder.  Id. at 15:15–17.

OWT requests clarification as to whether the Court considered the deposition testimony of Dr. Carman in which he admitted that the shape of OWT's device was not "essentially a cylinder." Mot. at 2.

The Court clarifies its ruling as follows.  The Court considered the entirety of Dr. Carman's deposition testimony in which he answered numerous questions about whether a shape was a cylinder.  The Court believes that despite his testimony, a rational jury could determine that Dr. Carman did not intend his testimony to cover whether the accused device was "essentially" a cylinder.  Moreover, the Court reiterates its finding that when given its ordinary meaning, the modifier "essentially" would allow a rational

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  O

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

jury to determine that defendant's accused device includes a "partially hollow cylinder," even without the benefit of Dr. Carman's testimony.

### B.     Raised Support Arms

Claim 1 of plaintiff's patent also requires "at least two spaced support arms radiating from the central portion." '727 patent at col. 5, 11. 24–29. In the Markman order, the Court construed "raised support arms" as "projections that extend above the inner bottom surface of the structural housing and maintain the integrity of the housing and protect the components in the housing so that they are not crushed when the device is secured on an arbor." Dkt. No. 116 at 11. In the summary judgment order, the Court explained that plaintiff did not improperly rely on the combination of two structures to reach this element because "plaintiff's expert, Gregory Carman, identified a 'raised inner central portion' in *both* the top cover and the base washer." Dkt. No. 156 at 14:26–28.

OWT argues that the Court erred, and that plaintiff improperly relies on a combination of multiple alleged "raised inner central portions" in the accused device in order to prove literal infringement. Mot. at 2–3.[2] Specifically, OWT contends that while each of Dr. Carman's annotated photographs of the accused device's top cover and base washer (Figures 2 and 3 attached to his report) identify a "raised central portion" with an arrow and a label, Dr. Carman's discussion of the assembled device with respect to the support arms limitation establishes that his infringement opinion requires the top cover and the base washer to be combined to meet the claim limitations. Id. at 3. OWT points to Dr. Carman's report in which he explains:

> When the washer shown in Figure 2 is placed with the top cover shown in Figure 3, there exists two projections (raidal arm 1 and radial arm 2) that extend above the inner bottom surface of the structural housing. These projections can be seen in both Figure 2 and Figure 3 as identified by the arrows in both figures. These two arms radiate from the central portion of the housing and maintain the structural

---

[2] OWT also made this argument in its reply brief in support of its motion for summary judgment and at oral argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

integrity of the housing . . .

Plaintiff counters that OWT "inaccurately represents" that Dr. Carman's infringement opinion requires the screw bosses in the cover of the accused to device to be mated to the base washer. Opp'n at 4.

The Court agrees with plaintiff that Dr. Carman's analysis does not require that the screw bosses be mated to the base washer in order for the accused device to infringe plaintiff's patent. Indeed, Dr. Carman expressly rejected this concept in his deposition regarding the necessity for a combination of elements in the base and cover, he testified:

"Q.   What does that refer to? Does that refer to a central portion in Figure 2 [i.e., the base of the OWT device] or Figure 3 [i.e., the cover] or –
A.    Figure 2. These two radial arms refers to the intercentral projections in Figure 2."

Carman depo., 98:25-99:5, Adler Add. Decl., Ex. "MM."

The Court clarifies its explanation regarding the "raised support arms" limitation as follows. OWT's argument that plaintiff improperly relies on a combination of multiple structures in the accused device is unavailing because Dr. Carman identified *raised support arms* in the base of the accused device. That he also identified raised support arms when the cover dome and the base washer are joined does not preclude a finding of infringement as to the raised support arms identified exclusively in the base of the accused device.

### C.   OWT's December 2000 prototype

OWT next asks the Court to clarify whether OWT's 2000 prototype and related drawings were before the Patent Office when plaintiff received his patent.

In the summary judgment order, the Court held that "the circumstances of this case do not warrant a finding as a matter of law that the defendant's December 2000 prototype included all claim limitations of the '727 patent." Dkt. 156 at 7:13–14. The Court based this finding on the fact that "[t]he conclusions of plaintiff's experts Lynch and Carman as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

well as the fact that the PTO awarded plaintiff the '727 patent when defendant's prototype was before the examiner, constitute sufficient evidence for a rational jury to determine that defendant's prototype did not contain each and every claim limitation of the '727 patent." Id. at 7: 18–21.

OWT argues that the patent of one of its engineers, David Peot, rather than the 2000 prototype was actually before the Patent Office when the plaintiff's patent was issued. Mot at 4. OWT argues that its case for anticipation is not that the Peot patent anticipates the asserted claims, but rather that its December 2000 prototype anticipated plaintiff's invention. Id.

The Court acknowledges that it misstated that the December 2000 prototype and contemporaneous drawings were before the Patent Office. Nevertheless, the Court still believes that the evidence precludes a finding of anticipation as a matter of law. This is so for at least two reasons. First, while the December 2000 prototype was not before the Patent Office, the testimony of David Peot supports a finding that the December 2000 prototype did not anticipate plaintiff's patent as a matter of law. Peot identified the single design depicted in his patent to be the same as in the design in the production drawings for the December 2000 prototype, testifying: "The design of the laser alignment device depicted in Figures 8, 9, and 10 [of the patent] reflect the design that we conceived no later than November-December 2000." Peot Declaration In Support of Motion for Summary Judgment, ¶ 11. Based on this testimony, a rational jury could determine that OWT's December 2000 prototype was an embodiment of the Peot patent, which the Patent Office determined did not anticipate plaintiff's patent. Second, even if no presumption of nonanticipation applies, plaintiff's experts Drs. Lynch and Carman still testified that the December 2000 prototype did not contain each element of plaintiff's patent.

**D.    Plaintiff's experts' "admissions" that the claims are broad enough to cover the structure in OWT's December 2000 prototype device**

Finally, OWT asks the Court to clarify whether it considered plaintiff's experts' "admissions" that plaintiff's claims are broad enough to cover OWT's December 2000 prototype. OWT contends that plaintiff's device was anticipated by OWT's December 2000 prototype because both Lynch and Carman effectively admitted that plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

claims would cover defendant's December 2000 prototype by testifying that the screw bosses alone could constitute the claimed raised support arms. Mot. at 5.

In reaching the conclusion in the summary judgment order that a finding of anticipation as a matter of law was not appropriate, the Court considered and implicitly rejected OWT's "admission" argument. For clarity, the Court expressly does so here. The Court finds that OWT's invalidity argument based on supposed "admissions" by Drs. Lynch and Carman depends on a mischaracterization of their testimony. Neither Lynch nor Carman testified that screw bosses in OWT's December 2000 prototype *alone* constituted the raised support arms claimed in plaintiff's patent. Instead, they each explained that the screw bosses in the cover of a device would infringe plaintiff's patent only if mated with raised arms in the base. Because OWT's December 2000 prototype did not have raised arms in its base, the screw bosses in the cover were insufficient for the December 2000 prototype to anticipate plaintiff's patent.[3] Consequently, the Court finds that OWT is not entitled to a ruling as a matter of law that plaintiff's patent was invalid by reason of anticipation.

## IV. CONCLUSION

In light of the foregoing, the Court hereby DENIES defendant's motion for clarification.

IT IS SO ORDERED.

00 : 05

---

[3] For example, Lynch explained in his report that OWT's prototype, which had screw bosses, did not contain all elements of plaintiff's patent:

> The December 24, 2000 drawing is included as OWT 000476. Figure 1 is the base washer from that drawing. As of December 24, 2000 the design did not have projections that extended above the inner bottom surface of the base washer and thus did not have and did not contribute to 'raised support arms.'

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2035 CAS (VBKx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | RAYMOND CALOURI V. ONE WORLD TECHNOLOGIES, INC., ET AL | | |

Initials of Preparer   RS