J. DONALD BEST (State Bar No. 146984)
jdbest@michaelbest.com
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street, Suite 700
Madison, WI 53703
Telephone: (608) 257-3501
Facsimile: (608) 283-2275

RICHARD H. MARSCHALL (*pro hac vice*)
rhmarschall@michaelbest.com
S. EDWARD SARSKAS (*pro hac vice*)
sesarskas@michaelbest.com
MELANIE J. REICHENBERGER (*pro hac vice*)
mjreichenberger@michaelbest.com
**MICHAEL BEST & FRIEDRICH LLP**
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Telephone: (414) 271-6560
Facsimile: (414) 277-0656

KARIN G. PAGNANELLI (State Bar No. 174763)
kgp@msk.com
**MITCHELL SILBERBERG & KNUPP LLP**
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant and Counterclaimant
ONE WORLD TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CALUORI,<br><br>Plaintiff,<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: CV07-2035 CAS (VBKx)<br><br>Honorable Christina A. Snyder<br><br>**DEFENDANT ONE WORLD TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY REFERENCES TO PLAINTIFF'S DEVELOPMENT EFFORTS ASSOCIATED WITH HIS ORIGINAL BLADEPOINT DEVICE CLAIMED IN NOW-INVALIDATED U.S. PATENT NO. 6,035,757**<br><br>Date: May 14, 2012<br>Time: 11:00 a.m.<br>Courtroom: 5 - 2nd Floor<br>Trial: June 5, 2012 |

TO:  PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 14, 2012, at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5 located at 312 N. Spring Street, Los Angeles, California 90012, Defendant One World Technologies, Inc. ("One World") will and hereby does move in limine and pursuant to Federal Rules of Evidence 401 and 403 to bar Plaintiff Raymond Caluori from introducing at trial references to development efforts associated with is original BladePoint device claimed in now-invalidated U.S. Patent No. 6,035,757.

This motion is based upon the Notice, Motion, and Memorandum filed concurrently herewith, all pleadings and papers on file in this matter, and oral argument.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 10, 2012.

Dated:       April 16, 2012          **MICHAEL BEST & FRIEDRICH LLP**

By:  /s/ Richard H. Marschall
J. Donald Best
Richard H. Marschall
S. Edward Sarskas
Melanie J. Reichenberger

- and -

**MITCHELL SILBERBERG & KNUPP LLP**

Karin G. Pagnanelli

Attorneys for Defendant and Counterclaimant
ONE WORLD TECHNOLOGIES, INC.

i

## I.    Introduction

Defendant One World Technologies, Inc. ("One World") moves *in limine* to exclude Plaintiff from referring at trial to his development efforts directed to his original BladePoint device that led to the now-invalid U.S. Patent No. 6,035,757 ("the '757 patent") (Ex.[1] 3), which is no longer part of this case.  As he has done throughout this case, Plaintiff intends to present a case for infringement of the sole remaining patent-in-suit through a story about the development of an earlier device and an earlier patent that is not in suit, has no priority relationship to the patent-in-suit, and lacks distinct claim elements of the patent-in-suit.  As further explained below, Plaintiff's development efforts leading to the '757 patent are irrelevant to the issues in this case under Federal Rule of Evidence 401.    Even if such development efforts were deemed relevant to the issues in this case, any probative value would be substantially outweighed by the danger of confusing and misleading the jury under Federal Rule of Evidence 403.

## II.    Background

In his original Complaint, Plaintiff alleged infringement of three patents: the '757 patent, U.S. Patent No. 6,915,727 ("the 727 patent") (Ex. 2), and U.S. Design Patent No. D492,951 ("the '951 design patent").  (Dkt. No. 1.)  At that time, the '757 patent was undergoing reexamination in the Patent Office, a proceeding that was initiated by Robert Kelly, the inventor of an earlier prior art laser arbor patent, U.S. Patent No. 5,862,727 ("the Kelly patent").  During reexamination, the Patent Office rejected all of the claims of the '757 patent based on invalidating prior art, including the Kelly patent.    (Ex. 5, '757 patent reexamination file history, 10/26/2007 Office Action at 2-5.)  After Plaintiff failed to respond to the Patent Office's rejections, effectively abandoning the '757 patent, the Patent Office proceeded to cancel all claims of the '757 patent. (Ex. 6, '757 patent reexamination

---

[1] Citations to exhibits refer to the exhibits attached to the Declaration of Melanie J. Reichenberger, filed concurrently herewith.

1   file history, 7/19/2008 Notice of Intent to Issue Reexamination Certificate.)

2   Although Plaintiff's pleadings do not reflect the Patent Office's invalidation of the

3   '757 patent, Plaintiff acknowledged in his Second Amended Complaint that the

4   '757 is no longer part of this case (Dkt. No. 18 ¶¶ 13, 19) and conceded during

5   deposition that he has no rights in the '757 patent (Ex. 11, Caluori 6/24/10 Dep. at

6   168:5-18).   Further, Plaintiff has since dropped his allegations related to the '951

7   design patent (after One World demonstrated in its Counterclaims that the '951

8   patent was invalid and was obtained by inequitable conduct), leaving the only

9   issues to be determined at trial as the infringement, validity, and enforceability of

10   the '727 patent, and any related damages if liability is found.

11       Despite the fact that the '757 patent has not been part of this case for years,

12   Plaintiff continues to tell his '757 development story in nearly every paper he files

13   with the Court.  For example, in Plaintiff's Second Amended Complaint, in which

14   he acknowledges that he is no longer asserting the '757 patent, Plaintiff

15   nevertheless explains the development history of the '757 patent and describes how

16   he approached One World's predecessor years ago trying to market his original

17   BladePoint device, based on the design of the '757 patent, focusing on One World's

18   knowledge of the '757 patent and the original BladePoint device.  (Dkt. No. 18.)

19   Plaintiff has repeated this story in numerous filings.  (*See, e.g.*, Dkt. No. 137-6 at

20   4:2-5:2, 8:1-9; Dkt. No. 137-1 at 1:8-22; Dkt. No. 147 at 1:6-8, 1:15-18.)  Likewise,

21   as addressed separately in One World's concurrently filed motion *in limine* no. 3,

22   Plaintiff (and his counsel) frequently mentions his daughter's health problems and

23   his apparent desire to build her a dresser as motivating him to development the

24   original BladePoint device. (*See, e.g.*, Dkt. No. 137-6 at 4:2-8; Dkt. No. 96 at 6:19;

25   Dkt. No. 96-1 at 2:23; Dkt. No. 102-2 at 2:3-4; Dkt. No.135-1, Ex. 4 at 469:11-13.)

26   None of this story relates to the sole patent-in-suit, and it is thus irrelevant to the

27   issues to be tried and should be excluded under both FRE 401 and 403.

28

### III. Plaintiff's Development Efforts Related To His Original BladePoint Device and '757 Patent Are Irrelevant To The Issues In This Case.

The facts related to Plaintiff's development efforts leading to the '757 patent are simply of no consequence to the issues in this case. Evidence is relevant only if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1009 n.28 (9th Cir. 2007).

As explained above, the '757 patent has been held invalid by the Patent Office and is not part of this case. The only patent remaining in this case, the '727 patent, makes no claim of priority to the '757 patent, and thus has no formal relationship to the '757 patent. Similarly, the '727 patent includes distinct claim elements, which the Patent Office determined differentiated the '727 patent from the prior art '757 patent, including, for example, the "raised support arms" of independent claim 1. (Ex. 4, '727 patent file history, 11/23/2004 Examiner's Amendment at 5.)

Furthermore, like the distinctions between the inventions claimed in the '757 patent and the '727 patent, Plaintiff has described distinct motivating factors for his development of each design. For instance, with respect to the '757 patent and the original BladePoint design, Plaintiff described his motivation as a desire to build a dresser for his daughter and identifying a need in the field to make accurate cuts on a miter saw. (Dkt. No. 137-6 at 4:2-8.) In contrast, with respect to '727 patent, Plaintiff described his motivation to redesign his original device because of a flexing and crushing problem that his original device was experiencing when tightened on a saw due to lack of sufficient internal support structure. (Ex. 11, Caluori 6/24/2001 Dep. 111:9-112:15.) Plaintiff implemented the "raised support arms" claimed in the '727 patent-in-suit to address that flexing and crushing problem. That is the only development story which is relevant for the trial.

Because the '757 patent is distinct from the '727 patent and because Plaintiff's motivation and efforts to develop his original BladePoint device and arrive at the invention claimed in the '757 patent are distinct from his motivation and efforts to develop his redesigned device and arrive at the invention claimed in the '727 patent, the facts related to Plaintiff's development of the original BladePoint device and the '757 patent are of no consequence to the issues in this case. Accordingly, the Court should exclude any references to Plaintiff's development efforts related to his original BladePoint device covered by the invalidated '757 patent as irrelevant under Rule 401.

**IV. Even If Deemed Relevant, Any Probative Value Of Plaintiff's Development Efforts Related To His Original BladePoint Device and '757 Patent Would Be Substantially Outweighed By The Danger of Jury Confusion.**

*Even if* the Court deems relevant the development efforts associated with the original BladePoint device and the '757 patent, any probative value that the '757 patent development story may have would be substantially outweighed by the danger of confusing and misleading the jury and wasting the Court's and parties' time and resources. Rule 403 provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time . . . ." "[W]hat counts as the Rule 403 'probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternatives." *United States v. Sine*, 493 F.3d 1021, 1035 (9th Cir. 2007) (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)) (alteration in original). "If an alternative [is] found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value [is] substantially outweighed by unfairly prejudicial risk." *Id.* (quoting *Old Chief*, 519 U.S. at 182-83).

Plaintiff's counsel has indicated that his direct examination of Plaintiff at

1    trial may take about *six hours*.  Given that Plaintiff's three expert witnesses will
2    cover the relevant issues of infringement, validity, and damages, it is hard to
3    imagine how Plaintiff's testimony could extend for such a long period of time
4    unless he plans to discuss at length his efforts to develop the original BladePoint
5    device and the now-invalid '757 patent not at issue in this case.  Such testimony
6    would waste the time and resources of the Court, the jury, and the parties, and
7    would very likely confuse the issues and mislead the jury by melding together the
8    sole patent-in-suit and an earlier invalid, irrelevant patent.  The result of allowing
9    such testimony presents a danger that the jury could decide the case on improper
10   grounds confusing the invalid '757 patent with the '727 patent-in-suit.  Plaintiff's
11   attempt to divert the jury's attention from the real issues in this case—the elements
12   of infringement, validity, and enforceability of the '727 patent—should not be
13   tolerated.    Accordingly,  if deemed  relevant,  the  Court  should  exclude  any
14   references to Plaintiff's development efforts related to his original BladePoint
15   device covered by the invalidated '757 patent as confusing and misleading to the
16   jury under Rule 403.

17   **V.    Conclusion**

18        Based on the foregoing, the Court should bar Plaintiff from referring to his
19   development efforts related to his original BladePoint device related to the '757
20   patent.

21

22

23

24

25

26

27

28

1

Dated:        April 16, 2012                    **MICHAEL BEST & FRIEDRICH LLP**

2

3                                              By:  /s/ Richard H. Marschall
                                                    J. Donald Best
4                                                   Richard H. Marschall
                                                    S. Edward Sarskas
                                                    Melanie J. Reichenberger
5

6                                                   - and -

7                                              **MITCHELL SILBERBERG &
                                               KNUPP LLP**

8                                                   Karin G. Pagnanelli

9                                              Attorneys for Defendant and
                                               Counterclaimant
10                                             ONE WORLD TECHNOLOGIES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28