UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** **(In Chambers:) DEFENDANT'S MOTIONS IN LIMINE** (Filed April 16, 2012)

**PLAINTIFF'S MOTIONS IN LIMINE** (Filed April 16, 2012)

## I.    INTRODUCTION

Plaintiff Raymond Caluori filed the instant action against defendants Ryobi Limited, Techtronic Industries, Co. Ltd, and Does 1 through 100 on March 3, 2007.  On May 5, 2007, plaintiff filed his first amended complaint against defendants Ryobi North America, Ryobi Technologies Inc., Techtronic Industries North America, Ryobi Limited, Techtronic Industries Co. Ltd, and Does 1 through 100.  On July 11, 2007, plaintiff filed his second amended complaint against One World Technologies, Inc ("OWT" or "defendant"), Ryobi Limited, Ryobi North America, Inc., and Does 1 through 100 alleging claims for (1) patent infringement and (2) willful infringement of patent.

On April 16, 2012, defendant filed eight motions in limine to exclude various pieces of evidence.  Dkt. Nos. 186–192, 213.  Plaintiff also filed three motions in limine. Dkt. Nos. 193–195.  The parties each filed oppositions on April 23, 2012, and limited replies on May 7, 2012.  The Court heard oral argument on May 14, 2012 at which it requested supplemental submissions concerning defendants motion in limine to exclude the testimony of plaintiff's damages expert Stephen P. Heath.  The parties submitted their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

supplemental filings on May 17, 2012.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

This action arises from the alleged infringement of U.S. Patent 6,915,727, entitled "Angled Light Beam Rotary Saw Cut Alignment Device" ("the '727 patent").

On July 12, 2005, the United States Patent and Trademark Office issued the '727 patent to Raymond Caluori in response to an application filed July 29, 2002, claiming priority to a provisional application filed July 31, 2001.  '727 patent, col. 1, 5–10.  The patent concerns a device that uses a battery powered light source to project light onto an object to be cut by a rotary saw in order to align the cut of the saw.[1]  Id. at col. 1, 10–15, 31–32.

Plaintiff's second amended complaint contends that defendant deliberately copied his patented device known as the BladePoint, and that defendant promoted, marketed, and sold an infringing device.

## III.   DISCUSSION

### A.    Defendant's Motions in Limine

#### 1.    To Exclude References to Allegations of Copying Any BladePoint Design

Defendant moves to preclude plaintiff from making any references related to allegations of copying of any BladePoint design.  According to defendant, plaintiff has

---

[1] A detailed description of the '727 patent can be found in the Court's Markman order.  Dkt. No. 116.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

set forth no evidence to suggest that it copied the '727 patent or its commercial embodiment, the redesigned BladePoint device.  Defendant argues that despite this lack of evidence, plaintiff has "repeatedly implied" that defendant copied his designs, and that plaintiff bases this allegation solely on defendant's prior knowledge of plaintiff's invalidated U.S. Patent No. 6,035,757 ("the '757 patent") and its commercial embodiment, the original nonpatented BladePoint device.  Dkt. No 186 at 3.  Defendant contends that because the '757 patent is no longer part of this case, its knowledge of the '757 patent and the original BladePoint device is "completely irrelevant" to the remaining issues in this case pursuant to Federal Rule of Evidence 401.  Id.  Further, defendant argues that any probative value of references to copying by One World would be substantially outweighed by the danger of unfair prejudice and should be excluded pursuant to Federal Rule of Evidence 403.

In opposition, plaintiff argues that defendant's motion should be denied because: he is entitled to demonstrate the development of his invention; defendant's copying of his original BladePoint device—with its inherent bending and flexing problem—was the basis for its need to utilize the inventions in the '727 patent; and the history of an invention's development and its interrelationship with the history of the infringer's device is relevant evidence in patent cases.  Dkt. No. 221 at 4.

The Court finds that allegations of copying of plaintiff's original BladePoint design are both relevant and admissible for proving that defendant infringed the '727 patent.  Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here, although plaintiff did not receive a patent on his original device, evidence concerning alleged copying thereof is still relevant.  If defendant copied plaintiff's original BladePoint device, and the original device was flawed, then it is more likely that defendant would have added the patented feature of the '727 patent, and that its new design infringed the '727 patent.  Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | | Date | June 4, 2012 |
|---|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | | |

danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  While evidence that defendant copied plaintiff's original device is prejudicial, it is not unfairly so.  United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.").

Defendant's motion in limine # 1 is therefore DENIED.  However, because plaintiff has set forth no evidence that defendant was aware of the '727 patent or its commercial embodiment at the time it developed its accused device, the Court agrees with defendant that references to copying of the revised BladePoint device should not be permitted.[2]

### 2.    To Exclude Any References to Plaintiff's Development Efforts Associated with his Original BladePoint Device

Defendant argues that pursuant to Federal Rules of Evidence 401 and 403, plaintiff should be precluded from referring at trial to development efforts directed to his original BladePoint device that led to the now-invalid '757 patent.  Dkt. No. 187 at 3.  According to defendant, plaintiff should not be permitted to present a case for infringement of the '727 patent through a story about the development of an earlier device and an earlier patent that is not at issue, has no priority relationship to the patent-in-suit, and lacks distinct claim elements of the patent-in-suit.  Id.

In opposition, plaintiff argues that the developmental history of the '757 patent is admissible because it is relevant to the conceptualization and development of the

---

[2] The Court will hear argument as to whether a limiting instruction to the effect that evidence regarding copying of the original BladePoint device is being admitted to merely to demonstrate infringement rather than copying of the revised device should be given.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | | Date | June 4, 2012 |
|---|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | | |

inventions embodied in the '727 patent; because the inherent flaw in plaintiff's original design—excessive flexing and bending—was the basis for defendant being required to correct the flaw in its devices; and because the history of plaintiff's inventions is interrelated with the history of OWT copying plaintiff's original device.

The Court finds that evidence of the development of plaintiff's original BladePoint device is relevant and admissible.  Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. Here, plaintiff asserts that he developed the redesigned BladePoint device because his original device the original BladePoint had a tendency to bend or flex in operation. Insofar as defendant allegedly copied the original device, it therefore incorporated this design flaw, and would have needed to make alterations to its device.  It is these alterations that plaintiff contends resulted in the infringement of his patent.  Therefore, evidence concerning the development of the original BladePoint device is relevant to prove whether defendant infringed the '727 patent.  Further the Court rejects the notion that such evidence "unfairly" prejudices defendant pursuant to Rule 403.

Defendant's motion in limine # 2 is therefore DENIED.

**3.     To Exclude Any References to Health Problems of Plaintiff's Daughter**

Defendant moves to exclude any references to the health problems of plaintiff's daughter pursuant to Federal Rules of Evidence 401 and 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

In opposition, plaintiff argues that evidence concerning his daughter's health is relevant and admissible for two reasons. First, plaintiff contends that the developmental history of his invention is "critical," and that his reason for building his device was that he encountered a need for the invention when he tried to build a chest of drawers as a gift for his daughter. Second, plaintiff argues that his daughter's health may come up in response to a question about what he was doing or where he was at a particular time.

The Court finds that evidence of health problems of plaintiffs daughter is irrelevant and should be excluded pursuant to Federal Rule of Evidence 401. Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While plaintiff may present evidence at trial that he discovered a need for his invention while attempting to build a chest of drawers for his daughter, his daughter's health problems are not relevant to that narrative.

Accordingly, defendant's motion in limine # 3 is hereby GRANTED.

**4.      To Exclude Brian Dingman as Trial Counsel**

Defendant moves to preclude plaintiff's patent attorney, Brian Dingman, who represented plaintiff in prosecuting the '727 patent, from acting as plaintiff's trial counsel. According to defendant, among its defenses to plaintiff's claim of infringement are that plaintiff failed to name the correct inventors when prosecuting the '727 patent and that plaintiff engaged in inequitable conduct by failing to disclose his own highly relevant prior art. Therefore, defendant maintains that given his intimate knowledge of the '727 patent and its prosecution history, Mr. Dingman is a necessary witness in this case who should be excluded under the "advocate-witness" rule. Dkt. 189 at 4–7.

In opposition, plaintiff argues that Mr. Dingman should not be disqualified for several reasons. First, plaintiff contends that disqualification motions are disfavored due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

to the risk they can be employed to gain tactical advantage.  Next, plaintiff contends that under California Rule of Professional Conduct 5-210, he is entitled to consent to Mr. Dingman testifying.  Plaintiff further contends that an exception to the "advocate-witness" rule exists where a client would suffer considerable hardship, and that this exception applies because Mr. Dingman has worked on this case from its inception and is plaintiff's only patent attorney.  Finally, plaintiff argues that because Mr. Dingman's role as a witness would be narrow and relates only to defendant's "inequitable conduct" defense, the Court has discretion to sever the "equitable" issue from the remaining issues involved in this case.  Dkt. No. 216 at 1–3.

Although the Court recognizes that disqualification motions are disfavored due to the risk that they can be used for tactical advantage, the Court nevertheless finds that Mr. Dingman should be precluded from serving as plaintiff's trial counsel.

District courts have the inherent power and discretion to disqualify counsel in order to maintain the ethical standards of professional responsibility.  Certain Underwriters at Lloyd's v. Arognaut Ins. Co., 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). Pursuant to Local Rule 83-3.12, attorneys appearing before this Court must "comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct and the State Bar of California, and the decisions of any court applicable thereto."  L.R. 83-3.1.2.

The "advocate-witness rule, which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of legal ethics in the American legal system, and traces its roots back to Roman Law."  Kennedy v. Eldridge, 201 Cal. App. 4th 1197, 1208 (Cal. Ct. App. 2011) (citation omitted).  Pursuant to ABA Rule 3.7:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

ABA Model Rule 3.7.  The basis for Rule 3.7 is that "[t]he roles of an advocate and of a witness are inconsistent."  Kennedy, 201 Cal. App. 4th at 1209 (quotations omitted). Indeed, as the California Court of Appeal has held:

> The prohibition against a lawyer's serving as an advocate and testifying as a witness in the same matter is essentially aimed at eliminating confusion over the lawyer's role.  This confusion could prejudice one or more of the parties or call into question the impartiality of the judicial process itself.  As an advocate, the lawyer's task is to present the client's case and to test the evidence and arguments put forth by the opposing side.  A witness, however, provides sworn testimony concerning facts about which he or she has personal knowledge or expertise.  The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the proceedings themselves.

People v. Donaldson, 93 Cal. App. 4th 916, 928 (Cal. Ct. App. 2001).

As an initial matter, the Court rejects plaintiff's contention he is unequivocally entitled to consent to Mr. Dingman serving as his trial attorney and testifying as a witness.  While Rule 5-210 of the California Rules of Professional Conduct provides an exception to the "advocate-witness" rule where an attorney obtains informed consent from his or her client, recent decisions regarding the rule demonstrate that the California courts are increasingly looking to and relying upon the ABA Model Rules for guidance in its application.  For example, in Donaldson, 93 Cal. App. 4th at 928, the court expressly stated that "[e]specially where there is no conflict with the public policy of California, the [ABA] Model Rules serve as a collateral source for guidance on proper professional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | | Date | June 4, 2012 |
|---|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | | |

conduct in California."[3]  Likewise, in <u>Kennedy</u>, the court applied Model Rule 3.7 and affirmed the disqualification of an attorney under the advocate-witness rule without considering whether the client had consented to representation.  201 Cal. App. 4th at 1209.  Thus, plaintiff's consent to Mr. Dingman serving as his attorney and testifying a witness does not mandate the denial of defendant's motion.[4]

Next, the Court finds that Mr. Dignman is a necessary witness in this case.  "A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere."  <u>Carta v. Lumbermens Mut. Cas. Ins. Co.</u>, 419 F. Supp. 2d 23, 29 (D. Mass. 2006).  Here, Mr. Dingman was responsible for drafting the application for the '727 patent as well as for the '757 patent.  Given his familiarity with the '727 patent and its prosecution history, his testimony is relevant and material at least to the issues of inventorship and enforceability.  Further, Mr. Dingman's testimony is not cumulative or obtainable by other means.[5]

_____

[3] Plaintiff's reliance on <u>Smith, Smith & Krig v. Superior Court</u>, 60 Cal. App. 4th 573 (Cal Ct. App. 1997) is misplaced.  While the court in <u>Smith</u> denied disqualification because the moving party failed to make an adequate showing why the testimony of the attorneys at issue was necessary, it acknowledged that the balancing of competing interests may overcome a client's consent in certain circumstances.  <u>Id.</u> at 579–82.

[4] Indeed, when taken to its logical conclusion, plaintiff's position requires that a motion for disqualification under the "advocate-witness" rule be denied any time a client consents regardless of the prejudice to the moving party or the damage to the integrity of judiciary.

[5] Addressing similar facts, the court in <u>Personalized Mass Media Corp. v. The Weather Channel, Inc.</u>, rejected the notion that a patent attorney's testimony was not necessary because the inventor could testify to the same topics.  The court explained that

[the patent attorney's] testimony is essential to many of the inequitable conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

     The Court concludes that none of the general exceptions to the "advocate-witness" rule is applicable.  Mr. Dingman's testimony will not concern an uncontested issue or the nature and value of his legal services.  More importantly, plaintiff will not suffer undue hardship as a result of Mr. Dingman's disqualification.  This is so for several reasons.  First, plaintiff has capable counsel in Mr. Adler.  Indeed, Mr. Adler has signed every paper that has been filed with the Court, has taken or defended every fact witness and expert witness deposition in this case, and has successfully argued several motions.  Second, although defendant brings this motion to disqualify relatively close to the eve of trial, defendant has sought Mr. Dingman's assurances that he would not attempt to undertake representation of plaintiff at trial since August 2011.  Finally, although Mr. Dingman may not serve as plaintiff's trial counsel, he is not excluded from all further involvement in this lawsuit.  That is, while Mr. Dingman may not appear before the jury or the Court as trial counsel,  he may continue to serve as an adviser to plaintiff and to Mr. Adler.

     Finally, the Court declines to bifurcate the inequitable conduct issue from the other issues in this case.  Although inequitable conduct is equitable in nature, Federal Rule of Civil Procedure 39 allows the Court to submit this issue to the jury.  Indeed, the Federal Circuit has expressly approved of the use of advisory juries on inequitable conduct claims.  Herbert v. Lisle Corp., 99 F.3d 1109, 1104 (Fed. Cir. 1996); accord Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., No. C 03–1431, 2006 U.S. Dist. LEXIS 42159, at *31 (N.D. Cal. June 12, 2006) ("[T]he use of an advisory jury for the defense of

---

     issues.  He is the one who allegedly failed to submit much of the relevant prior art.  [The inventor] is not privy to [the patent attorney's] unique knowledge about the reasons for his failure to submit the prior art.  Further, [the patent attorney] alone knows why he considered adequate the disclosures on which he advised [the inventor], either as friend or counsel.

899 F. Supp. 239, 243 (E.D. Va. 1995).  The same reasoning applies here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

inequitable conduct [has become] common practice in patent cases."). Moreover, bifurcation creates a risk of "duplicative presentation of evidence" as well as the "the possibility of infringing . . . Seventh Amendment rights" by trying equitable issues apart from the jury where those issues are dependent on underlying factual issues that will be decided by the jury.  Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc., No. CV 92-4698 1994 U.S. Dist. LEXIS 17749, at *38 (C.D. Cal. May 9, 1994).

Accordingly, defendant's motion in limine # 4 to preclude Brian Dingman from appearing as trial counsel is hereby GRANTED.  Plaintiff's request for bifurcation is DENIED.

**5.    To Exclude any Argument or Testimony Regarding David Peot's Disclosure or Failure to Disclose Prior Art During Prosecution of Peot Patent or David Peot's Legal Views Regarding Inequitable Conduct**

Defendant moves to exclude any argument or testimony regarding David Peot's disclosure or failure to disclose prior art during prosecution of U.S. Patent No. 6,755,107 ("the Peot patent"), or Mr. Peot's legal views regarding inequitable conduct.

Plaintiff does not oppose defendant's motion.  Accordingly, defendant's motion in limine # 5 is hereby GRANTED.

**6.    To Exclude Testimony Regarding Documents Allegedly Missing from Defendant's Document Production**

Defendant moves to exclude any testimony regarding documents allegedly missing from its document production.  Defendant contends that plaintiff is merely attempting to reargue its earlier motion to compel that the Court previously denied. Dkt. No. 191 at 3. Defendant further argues that the sufficiency of its document production is irrelevant to the issues of this case and even if it were relevant, testimony regarding the sufficiency of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | | Date | June 4, 2012 |
|---|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | | |

its document production should be excluded on the grounds that its probative value is substantially outweighed by the danger of confusing the issues and the jury. Id. at 3–4.

Plaintiff responds that defendant's document production was devoid of any documents relating to the period between June 6, 2001 and October 2001, which plaintiff contends is the salient period in this case. Dkt. 219 at 1. According to plaintiff, as of June 6, 2001, defendant's production drawings indicated that the base of its device was flat and devoid of any raised support arms. Plaintiff asserts that while defendant produced documents indicating that in October 2001 its device had the allegedly infringing raised support arms, defendant failed to produce any documents relating to this development. Id. at 2–3. Plaintiff therefore maintains that he is entitled to a negative inference jury instruction regarding defendant's purported failure to produce the documents, and that as a "predicate" for the instruction, he intends to have a paralegal describe her failed effort to locate these documents.

The Court finds that plaintiff may introduce testimony that defendant's document production did not include documents concerning when and why defendant's device was allegedly altered to include the "raised support arms" that plaintiff contends were added in October 2001. Insofar as the jury may conclude that defendant deliberately withheld such documents, it would tend to prove that the documents contained adverse evidence showing that defendant infringed the '727 patent. And while this evidence is prejudicial, the Court finds that it is not "unfair." Finally, contrary to defendant's assertion, plaintiff does not seek to "relitigate" the motion to compel which this Court rejected as untimely, but rather merely seeks to introduce testimony that defendant's production did not include certain documents.

Defendant's motion in limine # 6 is therefore denied.[6]

---

[6] However, the Court reserves judgment as to whether a negative inference jury instruction is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                       ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

**7.     To Exclude the Testimony of Stephen Heath Regarding Profit Attributable to Patented Feature**

Defendant moves to exclude the testimony of plaintiff's damages expert, Stephen Heath concerning the profit attributable to plaintiff's patented feature.  On February 27, 2012, the Court denied a prior motion to exclude Mr. Heath.  Dkt. No. 182.  The Court found that Mr. Heath's analysis did not violate the "entire market value rule," but was instead consistent with the "analytical approach."[7]  Id. at 10–11.  However, because Mr. Heath's initial report did not specifically incorporate the "analytical approach," the Court required him to supplement his report specifically to include this analysis.  Mr. Heath submitted his supplemental report on March 9, 2012.  Dkt. No. 212.

Defendant argues that Mr. Heath's supplemental report unreliably applies the "analytical approach."

In his supplemental report, Mr. Heath asserts that he was able to employ the "analytical approach" based on cost data provided by defendant's expert, Richard F. Bero.  Dkt. 212 at ¶ 10.  Mr. Heath further asserts:

---

[7] The Federal Circuit has explained that:

The entire market value rule allows a patentee to assess damages based on the entire market value of the accused product only where the patented feature creates the 'basis for customer demand' or 'substantially create[s] the value of the component parts.

Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292, 1318 (Fed. Cir. 2011) (citations omitted).  By contrast, the "analytical approach" entails the subtraction of the infringer's usual or acceptable net profit from its anticipated net profit realized from sales of infringing devices.  TWM Mfg. Co. Inc. v. Dura Corp., 789 F.2d 895, 899 (Fed. Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
| --- | --- | --- | --- |
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

As indicated in my Initial Expert Report, OWT earned a median profit of $7.31 on sales of infringing laser guides.  Bero's report . . . indicates OWT's non-infringing fixed rear laser guides currently cost less than $2 each whereas the infringing arbor laser guides cost approximately $4.  Applying the relationship between the profit and cost of the infringing laser guide to the cost of the non-infringing laser guide, i.e., $2, results in OWT receiving a median profit of $3.65 per unit associated with non-infringing laser guides.  In summary, after subtracting a "normal" or "benchmark" return associated with the next best, non-infringing, legal alternative from the per unit profit of $7.31 on sales of infringing laser guides, I conclude OWT generated a return in excess of the "normal" profit amount [sic] to $3.65 per unit.

Id. ¶ 11.

The Court finds that Mr. Heath's application of the analytical approach is not so unreliable as to require his exclusion at trial.  At the May 14, 2012 hearing, Mr. Heath explained that he derived his conclusion by assuming that the profit rate would remain constant as between devices with the infringing arbor-mounted laser guide and the non-infringing rear-mounted laser guide.  That is, Mr. Heath explained that although the devices with the rear-mounted guides would have been less expensive to produce, they would have nevertheless resulted in a reduction in OWT's profits because OWT would have been unable to charge consumers the same price as for devices with arbor-mounted guides.  And, while defendants may dispute the validity Mr. Heath's assumption regarding OWT's profit margin, such an attack is better suited to cross-examination rather than a motion to disqualify.

### 8.     To Exclude Any References to Plaintiff's Alleged 1999 Prototype

Defendant moves to exclude any reference to a prototype that plaintiff asserts he developed and demonstrated to his family in December 1999.  Defendant argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

exclusion is appropriate because plaintiff failed to disclose the existence of the prototype
until he provided a photograph and a "cryptic" description of the device just over two
weeks before the close of fact discovery. Dkt. No. 192 at 3. According to defendant,
plaintiff's conduct prevented it from testing the veracity of the alleged prototype such
that plaintiff should not be allowed to present the prototype as proof of his date of
conception. Id.

Defendant previously moved to strike and exclude reference to the 1999 prototype
based on the same grounds it asserts here. The Court denied the motion, explaining that
defendant's asserted bases were insufficient to justify exclusion. Dkt. No. 156 n. 1.
Pursuant to Local Rule 7-18,

> A motion for reconsideration of the decision on any motion may be made only on
> the grounds of (a) a material difference in fact or law from that presented to the
> Court before such decision that in the existence of reasonable diligence could not
> have been known to the party moving for reconsideration at the time of such
> decision, or (b) the emergence of new material facts or a change of law occurring
> after the time of such decision, or (c), a manifest showing of a failure to consider
> material facts presented to the Court before such decision. No motion for
> reconsideration shall in any manner repeat any oral or written argument made in
> support of or in opposition to the original motion.

L.R. 7-18. Because defendant has set forth no new facts nor change in law, the
Court declines to reconsider its decision. Accordingly, defendant's motion in limine # 8
is hereby DENIED. However, as the Court explained at the May 14, 2012 hearing, the
experts may not offer testimony beyond what they expressed in their reports or consider
evidence not considered at the time they drafted their reports. Plaintiff's experts' reports
did not include analysis of the actual alleged prototype, but rather only of a photograph
thereof. Insofar as they testify about the 1999 prototype, plaintiffs' experts are therefore
permitted to discuss only the photographic evidence upon which they relied in
formulating their opinions. Likewise, as the Court also explained at the hearing, the jury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|----------|----------------------|------|--------------|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

may not view the actual device if the experts did not, and the 1999 prototype may not be introduced at trial. Plaintiff may still use the photograph of the device—trial exhibit 25—upon which his experts formulated their opinions. Further, in the event that he is called to testify, the testimony of plaintiff's brother, Daniel Caluori, may not exceed the scope of his deposition.

**B.      Plaintiff's Motions in Limine**

> **1.      To Exclude Evidence Regarding FTC Investigation as to Plaintiff's Credit Repair Service**

Plaintiff moves to exclude evidence regarding an FTC investigation into a credit repair service that he operated. Plaintiff argues that such evidence should be excluded because it is irrelevant, because it constitutes improper character evidence, and because its probative value is substantially outweighed by the danger of unfair prejudice. Dkt. No. 193.

In opposition, defendant argues that evidence of prior fraud allegations is always relevant to the credibility and truthfulness of a witness, and is particularly relevant in this case where plaintiff's credibility plays a "critical" role in defendant's invalidity and inequitable conduct defenses. Further, defendant argues that it should be able to cross-examine plaintiff concerning the FTC investigation pursuant to Federal Rule of Evidence 608(b). Dkt. No. 203 at 2–3.

The Court finds that defendant may cross-examine plaintiff concerning the FTC investigation pursuant to Federal Rule of Evidence 608(b). Rule 608(b) provides:

> Specific instances of conduct.—Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|----------|------------------------|------|--------------|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608(b).  Here, the FTC investigation concerns an alleged fraud perpetrated by plaintiff and therefore is relevant to his character for truthfulness.  See United States v. Oriyomi, 449 Fed. Appx. 681, 682 (9th Cir. 2011) ("Evidence of prior frauds is considered probative of the witness's character for truthfulness or untruthfulness.") (quoting United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1992)).  The Court rejects plaintiff's contention that such evidence is unfairly prejudicial because plaintiff's character for truthfulness is of significant importance in this case.  For example, it will be critical for determining whether plaintiff in fact developed a prototype of his device in 1999, which would entitle him to priority over defendant's invention.  However, the Court notes that defendant may not introduce extrinsic evidence of the FTC investigation even if plaintiff denies that such investigation occurred.  While Rule 608(b) allows cross-examination about specific bad acts that concern the witness's credibility, it "forbids extrinsic evidence to prove the specific bad act occurred."  United States v. Goings, 313 F.3d 423, 426–27 (8th Cir. 2002).

Accordingly, plaintiff's motion in limine # 1 is hereby DENIED.

**2.      To Preclude Michael Gililland from Repeating the Opinions Prepared By Paul Wright**

Plaintiff moves to preclude one of defendant's experts, Michael Gililland, from "repeating" the opinions of another of defendant's experts, Professor Paul Wright. According to plaintiff, Professor Wright testified that he prepared substantially all of his expert and rebuttal reports without assistance.  Plaintiff argues that despite this testimony, defendant submitted a second copy of the same reports signed by Mr. Gililland. Therefore, plaintiff contends that Mr. Gililland should be barred from testifying because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

his testimony would be cumulative of Professor Wright's and because Mr. Gililland did not "prepare" the reports as required by Federal Rule of Civil Procedure 26.

Defendant responds that Mr. Gililland and Professor Wright will address different subjects at trial, and thus that no testimony will be cumulative.  Further, defendant argues that plaintiff improperly seeks to exclude Mr. Gililland's testimony based on the faulty premise that Mr. Gililland simply reviewed Professor Wright's report and signed it has his own.  Defendant further contends that plaintiff's inquiry into the drafting process of the expert reports is improper because such information is not discoverable under Rule 26 and that, in any event, based on Mr. Gililland's declaration, it is "clear" that he did not merely sign his name to Professor Wright's reports.

The Court finds that Mr. Gililland's testimony should not be excluded.  First, the Court rejects plaintiff's contention that Mr. Gililland's testimony will be cumulative of Professor Wright's.  In this respect, defendant has made clear that while Mr. Gililland will testify concerning the validity of the '727 patent, Professor Wright will testify regarding defendant's alleged infringement.  Next, assuming it is proper for plaintiff to inquire into the preparation of Mr. Gililland's expert report, Mr. Gililland testified that he devoted significant time and effort to the preparation of his opinions and related reports.  See Declaration of Michael Gililland.  It is therefore factually inaccurate for plaintiff to assert that Mr. Gililland merely copied Professor Wright's reports.

Accordingly, the Court DENIES plaintiff's motion in limine # 2.

### 3.     To Bar Testimony of James Baird Claiming to be the Inventor of the '727 Patent

Defendant contends that the '727 patent is invalid under 35 U.S.C. § 102(f) for failure to name all proper inventors.  Defendant asserts that plaintiff's former business partner, James Baird, among others significantly contributed to the conception of the '727 patent but was not properly named.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | | Date | June 4, 2012 |
|---|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | | |

       Plaintiff moves to bar testimony from Mr. Baird that he, rather than plaintiff, invented aspects of the '727 patent. Plaintiff argues that Mr. Baird's "uncorroborated claims" of inventorship are legally incompetent under Federal Rules of Evidence 104 and 403. Dkt. 195 at 1. According to plaintiff, this is so because the Federal Circuit precludes anyone from claiming to be an inventor who fails to present objective evidence substantiating his claim of invention. Id. (citing Fina Oil and Chem. Co. v. Ewen, 123 F.3d 1455, 1474 (Fed. Cir. 1997) ("Every putative inventor must nonetheless provide corroborating evidence of any asserted contributions to the conception of the invention. Like conception of the entire invention, a contribution to conception is a mental act which cannot be accurately verified without corroboration.")). Plaintiff asserts that Mr. Baird admitted in his deposition that he has nothing to corroborate his contention that he was an inventor of the '727 patent, and therefore that he is legally incompetent to testify thereto.[8] Id.

       In opposition, defendant argues that plaintiff's motion is based on a "straw-man" argument that because Mr. Baird cannot corroborate that he invented certain elements of the '727 patent—specifically, the raised support arms of claim 1, the heat conductive material of claim 17, or the adjustability of claim 34—he is incompetent to testify. Dkt. No. 204 at 2. Defendant contends that Mr. Baird significantly contributed to the conception of nearly every other claim limitation of the '727 patent, and that his contributions in this regard are corroborated by plaintiff's own testimony. Id.

       The Court finds that Mr. Baird is competent to testify that he invented certain elements of the '727 patent. The '727 patent includes claim limitations beyond the raised support arms of claim 1, the heat conductive material of claim 17, and the adjustability of

---

      [8] Specifically, Mr. Baird testified that "[o]ther than [a photo and videotape of the device in the ['757 patent], I don't really have anything." Deposition of James Baird, 11:12–13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

claim 34.[9]  While Mr. Baird does not claim to have invented the raised support arms, heat conductive material, or adjustability, Mr. Baird does contend that he substantially contributed to various other elements.  Plaintiff does not contend that such contentions are uncorroborated, and therefore Mr. Baird may claim joint inventorship of the '727 patent.  As the Court has already concluded, whether Mr. Baird's contributions to other claim limitations are sufficient to make him a co-inventor presents a question of fact. Dkt. No. 156 (Summary Judgment Order) at 12–13 ("The Court finds that there is a material issue of disputed fact as to whether one or more of Sandor, Albrecht, Barberis, and Baird were co-inventors such as to invalidate the patent."); see also Pannu v. Iolab Corp., 155 F.3d 1344, 1351 (Fed. Cir. 1998) (finding that "a reasonable jury could find" co-inventorship where it was undisputed that the alleged co-inventor "contributed to" the conception of a single claim limitation).

Accordingly, the Court DENIES plaintiff's motion in limine # 3.

/ / /

/ / /

/ / /

---

[9] Specifically, claims 1, 17, and 34 also require a structural housing held against a blade of a rotary saw that is essentially a partially hollow cylinder and carries a power source operatively connected to a light source that projects a light beam toward the plane of the blade.  Dkt. No. 135-6, Ex. 14 (the '727 patent) at claims, 1, 17, and 34.  The dependent claims also include additional limitations such as the incorporation of a centrifugal switch into the structural housing between the power source and the light source to automatically power the light source while the rotary saw is operating.  Id. at claims 5–6, 20–21, 37–38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2035 CAS (VBKx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | RAYMOND CALUORI v. ONE WORLD TECHNOLOGIES, INC., ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motions in limine nos. 3, 4, and 5.  The Court DENIES defendant's motions in limine nos. 1, 2, 6, 7, and 8.  The Court DENIES plaintiff's motions in limine nos. 1, 2, and 3.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |